RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 1 9 2005

LUTHER D. ____, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 19 2005

LUTHER D. ____, Clerk
By: _____ Deputy Clerk

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | CASE NO. 05 ____ 2709 |
| Plaintiff, | *EX PARTE* STATUTORY RESTRAINING ORDER TO FREEZE ASSETS, PRESERVE BOOKS AND RECORDS, AUTHORIZE EXPEDITED DISCOVERY AND APPOINT A TEMPORARY RECEIVER |
| v. | |
| LAKE DOW CAPITAL, LLC, aka CLIFFORD, EDWARDS AND TY EDWARDS, | |
| Defendants. | |

Plaintiff, the Commodity Futures Trading Commission ("Commission"),

has filed a complaint for permanent injunction and other relief, and moved *ex*

*parte,* pursuant to Section 6c of the Commodity Exchange Act (the "Act"), 7

U.S.C. § 13a-1 (2002), for a Statutory Restraining Order freezing the assets of

Defendants Lake Dow Capital, LLC a.k.a. Clifford, Edwards and Taylor, LLC

("Lake Dow/CET") and Ty Edwards ("Edwards") prohibiting the Defendants from

dissipating, concealing, transferring, or otherwise disposing of any assets, as set

forth below, or destroying, altering or disposing of, or refusing to permit

authorized representatives of the Commission to inspect and copy, when and as

requested, any books, records, electronically stored data, including computers and

1

computer data, or other documents wherever they may be.  Additionally, the

Commission seeks an appointment of a temporary receiver and leave of Court to

conduct expedited discovery.

As it appears that the Court has jurisdiction over the subject matter of this

case, that venue properly lies with this Court, that Section 6c of the Act, 7 U.S.C. §

13a-1 (2002), authorizes *ex parte* relief, that there is good cause to believe that the

Defendants have engaged in, are engaging in or are about to engage in violations of

the Act, and that this is a proper case for granting an *ex parte* statutory restraining

Order to preserve the status quo, protect public customers from loss and damage,

and enable the Commission to fulfill its statutory duties, the Court orders as

follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1.      "Assets" means any legal or equitable interest in, right to, or claim

to, any real or personal property, including but not limited to chattels, goods,

instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or

other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts,

insurance policies, and all cash, wherever located, whether in the United States or

abroad.

2

2.     The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3.     "Defendants" means Lake Dow Capital, LLC, a.k.a. Clifford, Edwards and Taylor, LLC ("Lake Dow/CET") and Ty Edwards ("Edwards"), and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Lake Dow/CET or Edwards, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Lake Dow/CET or Edwards.

## I.

## ASSET FREEZE

**IT IS HEREBY ORDERED** that Defendants Lake Dow/CET and Edwards, except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly:

A.     transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting,

3

withdrawing, or otherwise disposing of any assets, wherever located, including outside the United States, assets held in corporate or partnership accounts in which Defendants Lake Dow/CET and/or Edwards have an interest, which includes assets held in the accounts of Aurora Capital Management LLC and the Aurora Investment Fund, except as provided in Paragraph III of this Order or as otherwise ordered by the Court;

B.    opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by Defendants Lake Dow/CET and Edwards.

## II.

## DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further order of this Court, that any financial or brokerage institution, business entity, or person, that holds, controls, or maintains custody of any account or asset, or at any time since May 1, 2002, has held, controlled, or maintained custody of any account or asset of Defendants Lake Dow/CET and Edwards shall:

A.    Prohibit Defendants Lake Dow/CET and Edwards and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or

4

otherwise disposing of any such asset except as directed by further order of the Court or as directed by the Receiver appointed herein;

B.     Deny Defendants Lake Dow/CET and Edwards and all other persons access to any safe deposit box that is:

    1.     titled in the name of Defendants Lake Dow/CET and Edwards, either individually or jointly; or

    2.     otherwise subject to access by Defendants Lake Dow/CET and Edwards.

    Notwithstanding this paragraph, the Receiver appointed herein shall be provided with access to any safe deposit box titled in the name of, or subject to access by, the Defendants.

C.     Provide the Receiver and counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth:

    1.     the identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of, Defendants Lake Dow/CET and Edwards;

    2.     the balance of each such account, or a description of the nature and value of such asset as of the close of business on the

5

day on which this Order is served, and, if the account or other

asset has been closed or removed, the date closed or removed,

the total funds removed in order to close the account, and the

name of the person or entity to whom such account or other

asset was remitted; and

3.    the identification of any safe deposit box that is either titled

in the name, individually or jointly, of Defendants Lake

Dow/CET and Edwards or is otherwise subject to access by

Defendants Lake Dow/CET and Edwards;

D.    Upon request by the Receiver or the Commission, promptly provide

the Receiver and the Commission with copies of all records or other

documentation pertaining to such account or asset, including, but not

limited to, originals or copies of account applications, account

statements, signature cards, checks, drafts, deposit tickets, transfers to

and from the accounts, all other debit and credit instruments or slips,

currency transaction reports, 1099 forms, and safe deposit box logs;

and

E.    Cooperate with all reasonable requests of the Receiver relating to

implementation of this Order, including transferring funds at the

6

Receiver's direction and producing records related to the Defendants'

assets.

### III.

### ACCOUNTING

**IT IS FURTHER ORDERED** that within thirty (30) days following the

service of this Order, the Defendants shall:

A.    Provide the Commission and the Receiver with a full accounting of

all funds and assets both within and outside of the United States which

are held by the Defendants, on their behalf, or under their direct or

indirect control, whether jointly or singly, or in which they have an

interest, and a full accounting of all funds and assets that the

Defendants received from clients or investors and the ultimate use or

current location of those funds or assets;

B.    Provide the Commission and the Receiver with full access to and

permit copying of all documents both within and outside of the United

States that are held by the Defendants, on their behalf, or under their

direct or indirect control, or relate to a corporate or partnership entity

in which they have an interest;

C.    Transfer to the territory of the United States all funds, documents,

and assets located in foreign countries that are held by the Defendants,

for their benefit, or under their direct or indirect control, whether jointly or singly;

D.      Provide the Commission and the Receiver access to all records of the Defendants held by financial institutions located both within and outside the territorial United States by signing a Consent to Release of Financial Records; and

E.      Provide the Commission and the Receiver with a complete customer list, including, without limitation, the names, addresses and telephone numbers of all persons who transferred funds to the Defendants from May 1, 2002 to the present.

## IV.

## TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that:

A.      Gregory Hays of Hays Financial Consulting, LLC is appointed temporary Receiver for the Defendants' assets and the assets of any affiliates or subsidiaries of any defendant, with the full powers of an equity receiver.  The Receiver shall be the agent of this Court in acting as Receiver under this Order;

B.      The Receiver is directed and authorized to accomplish the following:

8

1.    Assume full control of the corporate Defendants and any business entities owned by any Defendant, by removing any officer, independent contractor, employee, or agent of a corporate defendant, from control and management of the affairs of the corporate defendant and any business entities owned by any Defendant;

2.    Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of the Defendants, wherever situated. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the Defendants, including documents related to customers or clients whose interest are now held by or under the direction, possession, custody or control of the Defendants;

3.    Take all steps necessary to secure the residential and business premises of the Defendants;

4.     Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients;

5.     Prevent the withdrawal or misapplication of funds entrusted to the Defendants, and otherwise protect the interests of customers, clients, pool participants or investors;

6.     Manage and administer the assets of the Defendants by performing all acts incidental thereto that the Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

7.     Collect all money owed to the Defendants;

8.     Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the Defendants or to carry out his or her duties pursuant to this Order;

9.     Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance

10

of duties and responsibilities under the authority granted by this
Order;

10.    Issue subpoenas to obtain documents and records pertaining to
the receivership, and conduct discovery in this action on behalf
of the receivership estate;

11.    Open one or more bank accounts as designated depositories for
funds of the Defendants.  The Receiver shall deposit all funds
of the Defendants in such designated accounts and shall make
all payments and disbursements from the receivership estate
from such accounts; and

12.    Make payments and disbursements from the receivership
estate that are necessary or advisable for carrying out the
directions of, or exercising the authority granted by, this Order.
The Receiver shall apply to the Court for prior approval of any
payment of any debt or obligation incurred by the Defendants
prior to the date of entry of this Order, except for payments that
the Receiver deems necessary or advisable to secure assets of
the Defendants.

C.    Immediately upon service of this Order upon them, the Defendants
and any other person or entity served with a copy of this Order, shall immediately

or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

1.      Possession and custody of all funds, property, and other assets, owned beneficially or otherwise, wherever situated, of the Defendants;

2.      Possession and custody of documents of the Defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

3.      Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on behalf of the Defendants or on behalf of the Defendants' customers, clients, pool participants or investors;

4.      All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the Defendants, including but not limited to, access to the Defendants' residential and business

premises, means of communication, accounts, computer systems, or other property; and

5.     Information identifying the accounts, employees, properties or other assets or obligations of the Defendants.

D.     The Defendants and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Defendants that all debts should be paid directly to the Receiver.

E.     Except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

13

1.     Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

2.     Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or any property claimed by the Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

3.     Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants, or the Receiver, or any agent of the Receiver; and

4.     Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or

the duties of the Receiver; or to interfere with the exclusive

jurisdiction of this Court over the property and assets of the

Defendants.

This paragraph does not stay the commencement or continuation of an action or

proceeding by a governmental unit to enforce such governmental unit's police or

regulatory power.

F.     Within 60 days of the date of this Order, the Receiver shall file with

this Court and serve Plaintiff Commission a report outlining the steps taken to

identify customers, marshall assets, determine the amount invested by each

customer, and the portion of assets available to pay back customers. This report

shall also include a statement as to the estimated time it will take to distribute

available assets to customers and wind up the receivership.

G.     The Receiver and all personnel hired by the Receiver as herein

authorized, including counsel to the Receiver, are entitled to reasonable

compensation for the performance of duties pursuant to this Order and for the cost

of actual out-of-pocket expenses incurred by them, from the assets now held by, or

in the possession or control of, or which may be received by the Defendants. The

Receiver shall file with the Court and serve on the parties, including Plaintiff

Commission, periodic requests for the payment of such reasonable compensation,

with the first such request filed no more than sixty (60) days after the date of this

Order. Plaintiff Commission may object to any part of a request within 30 calendar days of service of a request. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## V.

## MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS

**IT IS HEREBY ORDERED** that the Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of any Defendant.

## VI.

## INSPECTION AND COPYING OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that representatives of the Commission be immediately allowed to inspect the books, records, and other documents of the Defendants and their agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of the Defendants or others, and

16

to copy said documents, data and records, either on or off the premises where they may be situated.

## VII.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that:

A.      The parties and the Receiver are granted leave, at any time after service of this Order, to take the deposition of and demand the production of documents from any person or entity for the purpose of discovering the nature, location, status, and extent of assets of the Defendants, and the location of documents reflecting the business transactions of the Defendants; forty-eight (48) hours notice shall be deemed sufficient for any such deposition and five (5) days notice shall be deemed sufficient for the production of any such documents;

B.      The limitations and conditions set forth in Federal Rule of Civil Procedure 30(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Order.  No depositions taken pursuant to Paragraph VII of this Order shall count towards the ten deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A); and

C.      Pursuant to Federal Rule of Civil Procedure 30(a)(2), the parties and the Receiver are granted leave to take the depositions of any defendant confined in prison.

17

## VIII.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or assets of the Defendants or that may be subject to any provision of this Order, and, additionally, that representatives of the Commission are specially appointed by the Court to effect service. Service of the summons, Complaint or other process may be effected by U.S. Marshal or Deputy U.S. Marshal, or in accordance with Fed. R. Civ. P. 4.

## IX.

## SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Lael Campbell, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

## X.

## ASSISTANCE OF UNITED STATES MARSHAL SERVICE

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to: (a) assist the Commission in the service of the summons, complaint,

and this statutory restraining order on the Defendants; and (b) assist the Receiver in taking control and custody of the assets, records and residential and business premises of the Defendants.

## XI.

## ORDER TO SHOW CAUSE

**IT IS FURTHER ORDERED** that the Defendants shall appear before this Court on the _4th_ day of _November_, 2005, at _8:30_ _A_.m., before the Honorable _Clarence Cooper_ at the United States Courthouse for the Northern District of Georgia at Atlanta, Georgia, to show cause why a temporary receiver should not be appointed and why this Court should not enter a preliminary injunction enjoining the Defendants from further violations of the Act and the Commission's Regulations, and ordering any additional relief this Court deems appropriate. Should any party wish to file a memorandum of law or other papers concerning the appointment of a permanent receiver and issuance of a preliminary injunction against the Defendants, such materials shall be filed, served and received by all parties at least two (2) days before the hearing ordered above.

## XII.

### FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**SO ORDERED**, at Atlanta, Georgia, this _19th_ day of October, 2005.

UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA