FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 8, 2005

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, Plaintiff, | ) | CASE NO. 05-CV-2709 Cooper |
| v. | ) | Consent Order of Preliminary Injunction with Asset Freeze |
| LAKE DOW CAPITAL, LLC, aka CLIFFORD, EDWARDS AND TY EDWARDS, Defendants. | ) | |

Plaintiff, the Commodity Futures Trading Commission ("Commission"), and Defendant Ty Edwards ("Edwards") individually, and on behalf of Defendant Lake Dow Capital, LLC a.k.a. Clifford, Edwards and Taylor, LLC ("Lake Dow/CET") have consented to the entry of this Order for Preliminary Injunction with Asset Freeze ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privilege under the Fifth Amendment to the United States Constitution, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's personal jurisdiction over Defendants which venue and personal jurisdiction Defendants admit.

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. "Defendants" means Defendants Ty Edwards ("Edwards") and Lake Dow Capital, LLC a.k.a. Clifford, Edwards and Taylor, LLC ("Lake Dow/CET") and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Edwards or Lake Dow/CET.

## RELIEF GRANTED

### *Prohibited Conduct*

### I.

**IT IS HEREBY ORDERED** that Defendants are restrained and enjoined from violating Section 4*o*(1) of the CEA, 7 U.S.C. § 6*o*(1), by directly or indirectly employing a device, scheme, or artifice to defraud commodity pool participants, or engaging in transactions, practices or a course of business which operated as a fraud or deceit upon commodity pool participants.

**II.**

**IT IS FURTHER ORDERED** that Defendants are restrained and enjoined from violating Section 9(a)(4) of the CEA, 7 U.S.C. § 13(a)(4) by willfully concealing material information from a registered futures association acting in furtherance of its duties;

**III.**

**IT IS FURTHER ORDERED** that Defendants are restrained and enjoined from violating Commission Regulation 4.22(c), 17 C.F.R. § 4.22(c) (2004) by failing to submit required annual reports to the National Futures Association for each pool the Defendants operate; provided that because the Receiver now currently controls Aurora Investment Fund, L.P., Aurora Capital Management, LLC and Lake Dow Capital, LLC pursuant to the October 19, 2005 Statutory Restraining Order, and because this paragraph does not apply retroactively, Edwards shall not be in violation of this paragraph for failing to file any required annual reports for Aurora Investment Fund, L.P., Aurora Capital Management, LLC or Lake Dow Capital, LLC for 2002, 2003, 2004 or 2005.

**IV.**

**IT IS FURTHER ORDERED** that Defendants are restrained and enjoined from directly or indirectly soliciting or accepting any funds from existing customers or any new customers for commodity futures or commodity options trading .

***Continued Force and Effect of October 19, 2005 SRO***

**V.**

**IT IS FURTHER ORDERED** that the mandates of the Statutory Restraining Order ("SRO") dated October 19, 2005 shall continue with respect to Defendants pending further order of this Court. Specifically, Defendants shall abide by all obligations of the SRO pertaining to the: (1) asset freeze, (2) directives to financial institutions and others,

(3) accounting, (4) maintenance and access to business records of the Defendants, and (6) inspection and copying of books and records of the Defendants. The asset freeze applies to all assets under the control of the Defendants including all assets of the Aurora Investment Fund, L.P. and Aurora Capital Management LLC. The asset freeze does not apply to wages and earnings obtained by Defendant Edwards from legitimate legal employment unrelated to the conduct set forth in the complaint after the entry of this Order, or to any bank or savings account opened by Edwards after the date of this Order to hold assets that are not subject to this Order. Upon request from the Receiver Edwards shall provide monthly account statements to the Receiver for any bank or savings account opened by Edwards pursuant to this paragraph.

***Additional Directives to the Receiver***

**VI.**

**IT IS FURTHER ORDERED** that the Temporary Receiver shall continue to serve as Receiver with all of the duties and powers set forth in the SRO Order. In addition to those duties and powers, the Receiver shall be responsible for maintenance of Defendant Edwards's home, including the payment of the mortgage, property tax escrow, property insurance, electricity, gas, water and phone bills required to reasonably maintain the home and shall be permitted to pay such expenses from any funds held by the Receiver. The receiver shall also pay to Edwards temporary living expenses via a monthly allotment in the amount of three thousand dollars ($ 3,000) per month, with the first payment due upon entry of this Order. Subsequent to the first payment, the Receiver shall pay Edwards a monthly allotment every thirty days, but the Receiver shall not pay Edwards more than a total of four monthly allotments.

**IT IS FURTHER ORDERED** that the relief granted herein shall be without prejudice to Edwards' right to file a motion seeking a modification of this Order at any time declaring that his home should not be subject to this Order based on the facts and the law.

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to disburse the sums of $16,721.54 to Weizenecker, Mottern & Fisher, P.C.; $ 8,038.00 to Brent Gillett, Esq. and $ 230.00 to Landmark Consulting, Inc. (the "Professionals") for legal and accounting services rendered to the Defendants prior to the entry of the SRO and which were incurred in connection with preparing and producing information and documents requested by the Plaintiff herein and which such information and documents have now been or will be turned over to the Plaintiff and the Receiver. The product of these legal and accounting services has saved the Receivership significant time and money in carrying out its duties, and the Receiver has determined that compensation from the Receivership for these services is appropriate. Therefore, the Receiver shall pay one-half of outstanding amount due to each of the respective Professionals within five (5) business days of the entry of this Order. The Receiver shall pay the remaining one-half balance to each of the Professionals on December 20, 2005 on the condition that the Professionals continue to cooperate with the Receiver in providing information and documents to the Receiver as required herein and in the SRO and as may be requested by the Receiver. In the event the Receiver determines that any or all of the Professionals are not cooperating in this regard, the Receiver shall so advise the Court in writing on or before December 20, 2005 and this Court shall retain jurisdiction to determine whether and to what the extent the remaining balances should be paid to the Professionals or not. This Order is without prejudice to any application which the Professionals may file with this Court seeking compensation and reimbursement of expenses for legal and accounting services provided after the entry of the SRO.

**IT IS FURTHER ORDERED** that the Plaintiff and/or the Receiver shall provide Edwards with access to and the right to copy any bank, brokerage or futures account statements obtained by the Receiver from Bear Stearns, Man Financial, Man Securities and Wachovia Bank of Aurora Investment Fund, L.P., Aurora Capital Management, LLC

and Lake Dow Capital, LLC and any IRA account from an investor in Aurora Investment Fund, L.P.

**IT IS FURTHER ORDERED** that upon entry of this Order Defendants shall provide a signed copy of the attached Consent To Release Of Financial Records to the Plaintiff and Receiver.

***Lifting of the Seal***

**VII**

**IT IS FURTHER ORDERED** that the October 19, 2005 Ex Parte Order Temporarily Sealing Entire File is vacated and the seal in this case is hereby lifted.

***Service of Order***

**VIII.**

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant that may be subject to any provision of this Order.

***Service on the Commission***

**IX.**

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Lael Campbell, Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

***Force and Effect***

**X.**

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

***Reservation of Rights***

**XI.**

**IT IS FURTHER ORDERED** that nothing in this Order shall prejudice the right of Edwards to file a motion seeking to Modify this Order or the SRO to permit the payment by the Receiver of additional living expenses, attorneys fees or the costs of complying with any affirmative obligation placed on Edwards in this Order or the SRO; provided, that nothing herein shall prejudice the right of the Plaintiff or Receiver to object to any such motion by Edwards.

Ty Edwards, individually, and on behalf of Lake Dow/CET

Date: 11/2/05

Lael Campbell, Trial Attorney
U.S. Commodity Futures Trading Commission

Date: 11/2/05

**SO ORDERED**, at Atlanta, Georgia on this 8th day of Nov, 2005, at 10:30A.m.

UNITED STATES DISTRICT JUDGE

## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, Ty Edwards, do hereby direct any bank or trust company at which I have a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to said bank accounts to any attorney of the Commodity Futures Trading Commission or agent of Hayes Financial Consulting LLC, and to give evidence relevant thereto, in the matter of Commodity Futures Trading Commission v. Lake Dow Capital, et. al, case number 05-2709, now pending before the United States District Court for the Northern District of Georgia, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure or bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal.

Dated: 11/2, 2005

Ty Edwards, individually, and on behalf of Defendant Lake Dow Capital, LLC a.k.a. Clifford, Edwards and Taylor, LLC