FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 2 2006

JAMES N. HATTEN, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

U.S. COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

LAKE DOW CAPITAL, LLC a/k/a CLIFFORD, EDWARDS & TAYLOR AND TY EDWARDS,

Defendants.

Civil Action File No. 1:05-CV-2709

Judge Clarence Cooper

**CONSENT ORDER MODIFYING CONSENT ORDER OF PRELIMINARY INJUNCTION WITH ASSET FREEZE**

In Paragraph VI of this Court's "Consent Order of Preliminary Injunction with Asset Freeze" entered on November 8, 2005 (the "Preliminary Injunction Order"), this Court directed that the Receiver "be responsible for the maintenance of Defendant Edwards's home, including the payment of the mortgage, property tax escrow, property insurance, electricity, gas, water and phone bills required to reasonably maintain the home and shall be permitted to pay such expenses from any funds held by the Receiver." Defendant Edwards's home, as that term was used in the Preliminary Injunction Order, was a residential lot and dwelling located in McDonough, Georgia which was used by Defendant Edwards and his family as their primary residence. The street address for this property is 1265 Upchurch

Road, McDonough Georgia 30352 (hereinafter referred to as the "Edwards' Residence")

As set forth in the "Receiver's Report with Respect to Defendant Edwards' Residence" the Receiver has determined that the obligation to continue to make the payments directed in the Preliminary Injunction Order is unduly burdensome to this Receivership Estate and not in the best interests of investors and creditors herein. The Receiver has further determined that the Receivership Estate should abandon any interest in the Edwards' Residence as that term is defined in the Report. As evidenced by the signature of his counsel below, Defendant Ty Edwards has agreed to modify the Preliminary Injunction Order to relieve the Receiver of the obligations set forth in Paragraph VI on the condition that the asset freeze be released with respect to Edwards' Residence. The Plaintiff herein, as evidenced by the signature of its counsel below, has also agreed to this modification of the Preliminary Injunction Order.

Accordingly, and for good cause shown, it is hereby

ORDERED, that the Preliminary Injunction Order is hereby modified for the sole purposes of (i) amending Paragraph VI and providing that the Receiver is not required to "be responsible for the maintenance of Defendant Edwards's home, including the payment of the mortgage, property tax escrow, property insurance, electricity, gas, water and phone bills required to reasonably maintain the home

and shall be permitted to pay such expenses from any funds held by the Receiver" and (ii) releasing the Edwards' Residence from the asset freeze set forth in the Preliminary Injunction Order and returning custody and control of the Edwards Residence to Defendant Ty Edwards; and it is

FURTHER ORDERED, that this modification is effective as of August 31, 2006 and that the Receiver is not obligated to make any maintenance payments with respect to the Edwards' Residence from and after September 1, 2006 and that the sole responsibility for making all such payments effective September 1, 2006 shall be that of Defendant Edwards; and it is hereby

FURTHER ORDERED, that the Receiver's abandonment of the Edwards' Residence to Defendant Ty Edwards and is hereby approved and authorized, and any act by Defendant Edwards to transfer, conveyance, pledge or mortgage the Edwards' Residence from and after September 1, 2006 shall not be a violation of the Preliminary Injunction Order; and it is

FURTHER ORDERED that each of the Receiver and Defendant Ty Edwards shall reserve any claim they may have against each other relating to the maintenance payments required by the Preliminary Injunction Order which such claims shall be resolved at a later date; and it is

FINALLY ORDERED that each and every other term and condition of the Preliminary Injunction Order shall remain in full force and effect and that the only amendments or modifications thereto are those expressly set forth herein.

SO ORDERED this 2nd day of October, 2006.

CLARENCE COOPER, JUDGE
UNITED STATES DISTRICT COURT

CONSENTED TO BY:

(By Henry Sewell w/ permission)

Robert J. Mottern
Georgia Bar No. 526795

BUKER, JONES & HALEY, P.C.
115 Perimeter Center Place
South Terraces, Suite 170
Atlanta, GA 30346
Telephone: (770) 804-0500
Fax: (770) 804-0509
Counsel for Ty Edwards

Henry F. Sewell, Jr.
Georgia Bar No. 636265

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198

Attorneys for S. Gregory Hays, Receiver

(By HFS w/ permission)

Lael E. Campbell
*(Pro Hac Vice)*

U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581
Telephone: (202) 418-5000
Fax: (202) 418-5538

Attorneys for U.S. Commodity Future