## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LAKE DOW CAPITAL, LLC a/k/a CLIFFORD, EDWARDS & TAYLOR AND TY EDWARDS,<br><br>Defendants. | Civil Action File No. 1:05-CV-2709<br><br>Judge Clarence Cooper |

## RECEIVER'S FINAL REPORT AND MOTION TO (A) APPROVE ACCOUNTING; (B) ESTABLISH RESERVE & MAKE DISTRIBUTIONS; (C) ABANDON REMAINING RECORDS & ASSETS; AND (D) DISCHARGE AND RELEASE RECEIVER

COMES NOW, S. Gregory Hays, the duly authorized and acting Receiver herein (the "Receiver"), by and through his undersigned counsel of record, and herewith makes and files his Final Report and Motion to Approve Accounting; Establish Reserve and Make Distributions; Abandon Remaining Records and Assets; and Discharge and Release Receiver (the "Motion") and shows as follows:

## I.    SUMMARY

The Receiver is pleased to report to the Court that he has successfully completed his final administration of this Case.  All outstanding claims and disputes have been resolved, the vast majority of funds collected by the Receiver have been disbursed to investors and the Receiver has completed all of the tasks assigned to him by this Court.  The Receiver is further pleased to report that investors in this case will receive distributions of between 78% and 100% of the principal amounts of their investments in this case, depending upon how their claims were categorized.  Based upon the Receiver's experience in other, similar cases, this is an outstanding result.  The Receiver accordingly requests authority to complete his administration, to pay final attorneys fees and expenses, to make a final distribution to investors and to be discharged as Receiver herein.

## I.    **FINAL REPORT**

1.    This action commenced on October 19, 2005 through the filing a "Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties under the Commodity Exchange Act" (the "Complaint") by the U.S. Commodity Futures Trading Commission ("CFTC") against Lake Dow Capital LLC, a/k/a Clifford Edwards and Taylor LLC ("Lake Dow/CET") and Ty Edwards ("Edwards") (collectively, the "Defendants").  In the Complaint, the CFTC alleged that the Defendants employed schemes to defraud or had engaged in practices that

-2-

operated as a fraud or deceit upon actual and prospective commodity pool participants and clients in an investment fund known as the "Aurora Investment Fund".

2.     On October 19, 2005, this Court entered its "Ex Parte Restraining Order to Freeze Assets, Preserve Books and Records, Authorize Expedited Discovery and To Appoint a Temporary Receiver" (the "TRO Order").  Pursuant to the terms of the TRO Order, the assets of the Defendants were frozen and S. Gregory Hays was appointed as Receiver for each of the Defendants.  On November 8, 2005, this Court entered is "Consent Order of Preliminary Injunction and Asset Freeze" (the "Preliminary Injunction Order") continuing the appointment of the Receiver with the duties, obligations and powers set forth in the TRO Order (the "TRO Order" and "Preliminary Injunction Order" shall be collectively referred to herein as the "Receivership Orders").

3.     On December 19, 2005, the Receiver filed his First Interim Report in accordance with Paragraph IV(F) of the TRO Order.  Neither the TRO Order nor the Preliminary Injunction Order provide for or direct the filing of additional reports.  On July 17, 2006, the Receiver filed his Second Interim Report.  The Receiver has also filed reports concerning the residence of Ty Edwards, claims against MFG Global, Inc. f/k/a Man Financial and has reported on other issues in numerous motions and pleadings filed with this Court.  These Reports are

ATLANTA:5050749.1

incorporated herein by reference. This report, together with all other reports and significant documents and pleadings, can be reviewed at the Receiver's web site at www.haysconsulting.net.

4.    The Receivership Orders authorize and direct the Receiver to:

(a)    to take full control of the corporate Defendants and any business entities owned by any Defendant;

(b)    to take custody and possession of all funds and property, to secure the residential and business premises of the Defendants,

(c)    to preserve, hold and manage all receivership assets, and

(d)    to manage and preserve the assets of the receivership during the pendency of this action.

5.    As authorized in the Receivership Orders and as set forth in the Reports, the Receiver employed the following professionals to assist him in discharging his duties as Receiver: Hays Financial Consulting, LLC, of Atlanta, Georgia to serve as accountants and financial consultants to the Receiver, and McKenna Long & Aldridge LLP, of Atlanta, Georgia to serve as attorneys for the Receiver.

6.    Since his appointment, the Receiver and his advisors have worked diligently to take control of the assets of the Receiver Estate and to liquidate these assets. The Receiver has also undertaken a substantial claims solicitation and review effort. Finally, after significant litigation and negotiations to resolve disputes between different groups of investors in this complex case, the Receiver's

-4-

Third Amended Plan of Distribution was approved by this Court on May 31, 2007. The Third Amended Plan of Distribution was ultimately accepted by all investors in this case after significant work by the Receiver to resolve outstanding disputes between the investors.

7.     As set forth in prior Reports, the Receiver's investigation of the affairs of the Defendants and of the Receivership Estate has been hampered by the wholesale failure of the Defendants to maintain records and the Receiver has been required to incur substantial time and effort in recreating the Defendants' books and records.  However, based upon his review and analysis of the voluminous documents obtained by the Receiver either voluntarily from third parties or through subpoenas and from the claim information submitted by investors and other creditors with their proofs of claim, the Receiver believe he has now accounted for all monies raised by the Defendants from investors herein and of the uses of such funds.

8.     Rather than repeat all of the items which were reported in his prior reports with this Court, the Receiver will update the Court on those issues which were unresolved at the time he filed his last report or which require further reporting at this time.  To the extent investors require additional information about prior Reports, those reports are still available on-line at the Receiver's website and are incorporated into this Report by reference.

ATLANTA:5050749.1

9.    Final Accounting: Attached hereto as Exhibit "A" is the Final Receivership Summary Funds Statement. This Report includes all asset recoveries including the recently procured settlement proceeds with Man Financial. As set forth therein, recoveries in this case by the Receiver have totaled $20,637,387.17. Total funds available for distribution to investors, after the payment of all fees and expenses of the Receivership, including those fees and expenses and reserves which are being requested contemporaneously herewith by the Receiver, total $19,142,289.03. The vast majority of these funds, $18,528,432.35, have already been distributed to investors in this case. 224 persons and entities have filed claims totaling $23,449,245.08. The Receiver is currently holding $613,856.68 which will be disbursed upon approval of this Final Report and the final Fee Application filed contemporaneously herewith. The only possible additions to the amount of funds to be disbursed to investors are the remaining proceeds of the Wellstone Litigation Trust and additional interest accrual. The proposed disposition of these funds is set forth below.

10.    Claims Analysis: Out of the 224 claims filed, 17 claims were filed with incorrect amounts. The Receiver contacted each of these claimants and consensually resolved all issues related to these claims. In addition, the Receiver believes that 24 claims were filed against the incorrect entity. Issues relating to these claims were also resolved. Finally, four claims were filed by non-investor

-6-

claimants.    Of these four claims, one was filed by a printer asserting unpaid printing charges, one was filed by Rusty Cochran, a close friend and business associate of Mr. Edwards, for a commission in connection with the Monroe County Property Sale and the third by a former employee of the Defendants, Beverly Burney.  Each of these claims were subordinated by the Receiver's Third Amended Plan of Distribution in this case and these claimants will not receive any distribution on their claims.

11.    Claims of Ty Edwards:    Defendant Ty Edwards was the fourth non-investor to file a proof of claim with the Receiver.  He filed a claim in the amount of $179,464.86 which he claims was money he was required to pay to the Internal Revenue Service for certain unpaid taxes arising out of monies received by him in this matter.  The Receiver filed both an objection to the claims filed by Mr. Edwards and a determination that Mr. Edwards would be solely responsible for any taxes due and owing to any tax authorities as a result of monies received by him from investor funds.  A complete accounting of all monies Mr. Edwards received was set forth in the Receiver's Second Interim Report which is available for review at the Receiver's web site.  On August 21, 2008, this Court entered an Order which sustained the Receiver's objections to the claim filed by Defendant Ty Edwards and determined that the Estate had no further liability for taxes owed by Mr.

ATLANTA:5050749.1

Edwards.   Copies of the Receiver's Motion and the Order are also available on the Receiver's web site.

12.    Claims filed by Wellstone Agents:    The only claims to which the Receiver filed formal objections were claims filed by three individuals who both invested monies with the Defendants and who also raised monies from other investors for the Defendants and received commissions for such sales.   Those individuals were Allen J. Satterfield, Dennis Thompson, Sr. and John A. Jones. Each of these individuals was associated with Wellstone Securities, an investment firm involved in soliciting investments into the funds operated by the Defendants. The Receiver objected to the claims by each of Messrs. Satterfield, Thompson and Jones and ultimately entered into settlements with each of these individuals. Orders approving these settlements were each entered on June 2, 2008.   These settlements substantially reduced the claims filed be each of these individuals and resulted in additional funds being available for distribution to other investors in this case.   Copies of the Settlement Agreements and Orders approving these Settlement Agreements may be reviewed at the Receiver's web site.

13.    Taxes:    As set forth in the First and Second Interim Reports, no federal or state tax returns were ever filed for Lake Dow/CET, ACM and/or Aurora Investment Fund.   In addition, Mr. Edwards does not appear to have filed tax returns during the Relevant Period (as defined in the First Interim Report).   The

-8-

Receiver's accountants determined that no taxes were due and payable by Lake Dow/CET, ACM and/or Aurora Investment Fund and all tax returns required to be filed for Lake Dow/CET, ACM and/or Aurora Investment Fund have now been filed. However, the Receiver will have to file the final 2008 return after the Final Distribution is made. As set forth above, the Court determined that the Receivership Estate had no obligation to pay any portion of any tax liability which Mr. Edwards may have arising from monies received by him in this case.

14.    Camden County Property:    Among the real estate which had not been sold as of the time the Receiver filed the most recent report were two residential lots contained in a golf course development in Camden County, Georgia. The Receiver spent significant time attempting to dispose of these lots. On March 11 and 21, 2008, the Receiver received a total of $120,792.68 for both lots in Camden County. This represented a substantial loss from the amount of funds used by Mr. Edwards to purchase these lots. However, changing market conditions in the Camden County area resulted in a diminution of value in the real estate and the Receiver believed that continuing to hold onto the lots would only result in further losses. Accordingly, and in order to move forward with the closing of this case, the Receiver opted to sell the lots below cost. With hindsight, it appears the Receiver made the correct decision in selling the lots in March before the market totally collapsed.

ATLANTA:5050749.1

15.    Claims against Third Parties:    During the course of his investigation into the affairs of this Receivership Estate, the Receiver reviewed and investigated claims which could be brought to recoup investor losses in this matter. Among the claims identified were claims against either Man Financial which served as the Debtor's prime broker in this case and Wellstone Securities and its agents, which marketed the Defendant's investment products to many of its customers. With respect to Man Financial, the Receiver successfully settled and resolved all claims against it and an Order approving this Settlement was entered by the Court on September 11, 2008. The Receiver's Motion to Approve the Settlement and Report issued in connection therewith are available for review on the Receiver's web site. Man Financial paid the Receiver $515,000 to settle the Receiver's claims. With respect to Wellstone Securities, claims against Wellstone Securities and its agents are being pursued by the Wellstone Litigation Trust established in the Third Amended Plan of Distribution. The Receiver is advised that the contingent fee counsel handling these claims is still in the process of pursuing and liquidating such claims. Any recoveries generated by such litigation will be paid solely to those persons who opted into the Wellstone Litigation Trust pursuant to the terms of the Third Amended Plan. The continuing pendency of these claims does not impair the Receiver's ability to terminate the Instant Receivership.

ATLANTA:5050749.1

16.   <u>Remaining Proceeds of Wellstone Litigation Trust:</u>      Pursuant to Third Amended Plan of Distribution, this Court set aside $50,000 to be used by contingent fee counsel to pay expenses associated with the pursuit of claims and litigation against Wellstone Securities and its brokers.   Under the Plan, the Receiver was charged with obligation to review and approve requests for reimbursement of costs and expenses by the appointed contingent fee counsel.  As of the filing of the Final Report, counsel for the Wellstone Litigation Trust has not yet requested reimbursement of any expenses.  The Receiver has conferred with counsel for the Wellstone Litigation Trust regarding this issue.  Counsel for the Wellstone Litigation Trust has advised the Receiver that they may request reimbursement from the Fund in the future.   The Receiver has reached an understanding with counsel for the Wellstone Litigation Trust that in the event counsel for the Wellstone Litigation Trust does not wish to have any expenses reimbursed from the Wellstone Litigation Trust that contingent fee counsel will issue a letter to the Receiver releasing these funds to be disbursed to all remaining investors in this case.  If the Receiver does not receive such a letter in sufficient time so as to include the $50,000, or any balance remaining after approval of a request from such counsel for reimbursement, the $50,000 will be transferred to the custody and control of counsel for the Wellstone Litigation Trust and will be used by them to, first, pay expenses associated with their pursuit of claims against

-11-

Wellstone Securities and its brokers, and, then, be distributed pro rata to those investors who have opted into and are participating in the Wellstone Litigation Trust.   Provided, however, that if the funds are disbursed by the Trust or its counsel, a report will be filed with this Court by the Wellstone Litigation Trust concerning the disposition of the $50,000.

17.   Disposition of Claims against Ty Edwards:   Mr. Edwards has denied any liability or culpability for the losses suffered by investors in this case.   The Receiver is informed and believes that the CFTC will continue to pursue the claims against Mr. Edwards which are set forth in its Complaint.

## III   MOTION TO ESTABLISH RESERVE AND MAKE DISTRIBUTIONS

18.   The only remaining "unresolved" asset of the Receivership Estate is the $50,000 Wellstone Litigation Trust, which the Receiver proposes remain with counsel for the Wellstone Litigation Trust unless they are expressly, and in writing, released to the Receiver in sufficient time to include such funds in a final distribution in this case.   If they are not so released, counsel for the Wellstone Litigation Trust will be responsible to use such funds to pay expenses associated with the litigation they are pursuing and to distribute any excess to persons who are beneficiaries of the Wellstone Litigation Trust.

19.   The Receiver, his financial consultants and attorneys last filed applications seeking compensation in this case on December 5, 2007.   The

-12-

Receiver, his financial consultants and attorneys have incurred additional expenses since that time in concluding their administration of this Receivership and will likely incur additional expenses in the future in closing out the Receivership. Contemporaneously with the filing of this Final Report, the Receiver and his counsel are filing requests for approval of compensation and reimbursement of expenses. The Receiver is requesting compensation in the amount of $13,760.00 and reimbursement of expenses in the amount of $21.78. The Receiver's counsel is requesting compensation in the amount of $192,760.60 and reimbursement of expenses in the amount of $9,189.48. The Receiver's financial consulting firm, Hays Financial Consulting, LLC ("HFC"), which was employed to render accounting, financial, investigative and administrative services in connection with the Receiver's duties are requesting compensation in the amount of $78,823.25 and reimbursement of expenses in the amount of $1,491.98. The Receiver asserts that the requested professional fees have been necessary for the preservation of the Receivership Estate, that they are reasonable and that the hourly rates charged therein are consistent with the prevailing hourly rates charged in the Atlanta business and legal community.

20. The Receiver anticipates that additional work will need to be done even after this Order is entered. In addition, the Receiver will incur costs in making the final distribution in this case. Accordingly, the Receiver requests a

-13-

reserve in the amount of $10,000 (the "Reserve") and the authority to pay such funds for such expenses as he determines.

21. Assuming that this Court approves the compensation and reimbursement of expenses requested by the Receiver and his professionals and the Reserve, the Receiver proposes to make a final distribution of the sum of $613,856.68 (the "Final Distribution") to creditors of the Receivership Estate pursuant to the terms and conditions set forth in the Third Amended Plan of Distribution. This amount may increase by as much as $50,000 if the proceeds of the Wellstone Litigation Trust are released to the Receiver and may also increase due to interest income prior to the Final Distribution being made.

## IV. MOTION TO ABANDON RECORDS AND ASSETS

22. At present, the Receiver is in possession of voluminous records of the Defendants in this case including bank account records and other information procured by the Receiver pursuant to the Receivership Orders. The Receiver asserts that the continued storage and retention of these documents is unnecessary and burdensome and proposes to abandon and dispose of same. Also, to the extent the Receiver still holds any equipment or personal property which has no value, the Receiver request authority to abandon same. The Receiver accordingly requests authority to abandon and dispose of these records and assets.

-14-

## V.   MOTION TO DISCHARGE AND RELEASE RECEIVER

23.   Upon completion of the Final Distribution payment of all professional fees, the Receiver will file a report with the court indicating the distributions have been made.   The Receiver requests that, subject to the terms and conditions set forth herein that he be released and discharged as Receiver in this case.   The Receiver further requests that he be released and discharged from any and all claims and causes of action which might be brought against him for matters arising from his administration of the assets turned over to him and, to the extent that any person or entity nevertheless seeks to pursue and claim or action against the Receiver arising out of his duties as Receiver herein, the Receiver requests that this Court retain jurisdiction to hear any such claim.

24.   In order to complete his administration and to close this case, the Receiver requests that this Court enter an Order releasing and discharging him as Receiver and authorizing and directing him to do the following:

(a)   Pay such professional fees and expenses as may be authorized by this Court;

(b)   Establish the Reserve and authorize the Receiver to distribute the Reserve in his discretion;

(c)   Make the Final Distribution which shall include any remaining proceeds of the Wellstone Litigation released to the Receiver;

(d)   To abandon the records and assets set forth above;  and

(e)   File a report with this Court certifying that the distributions have been made

-15-

ATLANTA:5050749.1

WHEREFORE, the Receiver requests that his Final Report be approved, that he be granted the relief requested herein and for such other and further relief as may be just and proper.

Respectfully submitted this 8th day of December, 2008.

s/Henry F. Sewell
Henry F. Sewell, Jr.
Georgia Bar No. 636265

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198
Attorneys for S. Gregory Hays, Receiver

ATLANTA:5050749.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing **RECEIVER'S FINAL REPORT AND MOTION TO (A) APPROVE ACCOUNTING; (B) ESTABLISH RESERVE & MAKE DISTRIBUTIONS; (C) ABANDON REMAINING RECORDS & ASSETS; AND (D) DISCHARGE AND RELEASE RECEIVER** upon opposing counsel in the above-captioned action by United States Mail, as indicated below, addressed as follows:

Daniel A. Caldwell, Esq.
United States Attorney
600 U.S. Courthouse
75 Spring Street, S.W.
Suite 600
Atlanta, Georgia 30303

Tracey Wingate
U.S. Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581

Robert J. Mottern, Esq.
Investment Law Group of
Gillett, Mottern & Walker LLP
1230 Peachtree Street NE, Suite 2445
Atlanta, Georgia 30309

Joel S. Arogeti, Esq.
Kitchens Kelley Gaynes P.C.
Eleven Piedmont Center-Suite 900
3495 Piedmont Road, N.E.
Atlanta, GA 30305

ATLANTA:5050749.1

-2-

R. Brent Hatcher, Jr.
Smith Gilliam William & Miles PA
200 Old Coca Cola Bldg.
301 Green Street
Gainesville, GA 30501

Pat Huddleston II, Esq.
Huddleston & Nohr
707 Whitlock Avenue Suite B-21
Marietta, GA 30064-4656

This 8th day of December, 2008.

s/ Henry F. Sewell, Jr.
Henry F. Sewell, Jr.
Georgia Bar No. 636265

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
(404) 527-4000
(404) 527-4198      (facsimile)

Attorneys for S. Gregory Hays as
Receiver

ATLANTA:5050749.1