UNITED STATES DISTRICT COURT
for the NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                                  Plaintiff,<br><br>                   v.<br><br>LAKE DOW CAPITAL, LLC, a.k.a. CLIFFORD, EDWARDS, AND TAYLOR, and<br>TY EDWARDS<br><br><br>                                Defendants. | Civil Action No.:<br><br>1:05-CV-2709/Cooper |

And

AURORA CAPITAL MANAGEMENT LLC
And AURORA INVESTMENT FUND, L.P.

**SUPPLEMENTAL CONSENT ORDER SETTING JUDGMENT
FOR RESTITUTION AND CIVIL MONETARY PENALTY AGAINST
<u>DEFENDANTS TY EDWARDS AND LAKE DOW CAPITAL, LLC</u>**

On October 19, 2005, the United States Commodity Futures Trading Commission ("Commission" or "CFTC") filed the Complaint in this civil action against Ty Edwards ("Edwards") and Lake Dow Capital, LLC a.k.a. Clifford, Edwards, and Taylor ("Lake Dow/CET") (collectively, the "Defendants"). The Complaint seeks injunctive and other legal and equitable relief for violations of the antifraud provisions of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 1 *et seq.* (2002), and the Commission's Regulations promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* (2004).

On the same day the Complaint was filed, the Court issued an *ex parte* statutory restraining order freezing assets under the control of the Defendants, prohibiting the destruction of documents and appointing a temporary Receiver, S. Gregory Hays ("Receiver"). On

November 8, 2005, the Court entered a Consent Order of Preliminary Injunction and Other Equitable Relief ("Preliminary Injunction"), which continued the freeze of assets under the control of the Defendants, the prohibition against the destruction of documents by the Defendants, and the appointment of the Receiver with the duties and powers outlined in the temporary restraining order. As set forth in the Complaint, Edwards established and controlled three entities to manage the solicitation and collection of customer funds: Lake Dow/CET, Aurora Capital Management, LLC ("ACM"), and Aurora Investment Fund, L.P. ("Aurora Fund"). The customer funds received by ACM and Aurora Fund were also frozen pursuant to the statutory restraining order.

On January 31, 2007, the Court entered the Consent Order of Permanent Injunction and Other Equitable Relief Against Defendants Edwards and Lake Dow/CET ("Consent Order") that enjoins Edwards and Lake Dow/CET from further violations of the Act and Regulations, as alleged in the Complaint.

The Consent Order also requires Edwards and Lake Dow/CET to pay restitution to all persons who invested in the Aurora Fund either directly or indirectly and a civil monetary penalty in amounts to be determined. This Supplemental Consent Order Setting Judgment for Restitution and Civil Monetary Penalty Against Defendants Ty Edwards and Lake Dow Capital, LLC ("Supplemental Consent Order") sets out the amount of restitution and civil monetary penalties to be paid by the Defendants.

## I.

## CONSENTS AND AGREEMENTS

1.  To effect settlement of the matters alleged in the Complaint in this action without a trial on the merits or any further judicial proceedings, Defendants consent to the entry of this

Supplemental Consent Order.

2. Edwards and Lake Dow/CET admit that this Court has jurisdiction over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

3. Edwards and Lake Dow/CET consent to the continued jurisdiction of this Court in order to implement and carry out the terms of all orders and decrees that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with the Consent Order and Supplemental Consent Order even if either of them now or in the future resides or operates outside this jurisdiction.

4. Edwards and Lake Dow/CET admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2006), in that certain of the acts and practices alleged in the Complaint occurred in this District.

5. Edwards and Lake Dow/CET waive: (a) any and all claims that they may possess under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), relating to or arising from this action; (b) any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act, 1996 HR 3136, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847 (1996), as amended by 2007 HR 2206, Pub. L. No. 110-28, § 8302, 121 Stat. 112 (2007), relating to or arising from this action; (c) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and (d) any and all rights of appeal from

3

this action.

6. Edwards and Lake Dow/CET agree that neither Defendants nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or findings or conclusions in the Consent Order or Supplemental Consent Order or creating, or tending to create, the impression that the Complaint or the Consent Order or Supplemental Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendants': (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendants shall take all necessary steps to ensure that all of their agents and employees understand and comply with this agreement.

7. Edwards and Lake Dow/CET agree to provide immediate notice to this Court and the Commission by certified mail of any bankruptcy proceeding filed by, on behalf of, or against either of them.

8. Edwards affirms that he has read and agreed to this Supplemental Consent Order voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Supplemental Consent Order, other than as set forth specifically herein.

9. Edwards affirms that as sole principal of Lake Dow/CET, he has read and agreed to this Supplemental Consent Order voluntarily on behalf of Lake Dow/CET and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Supplemental Consent Order, other than as set forth specifically herein.

10. Edwards and Lake Dow/CET have waived and shall relinquish and not retain any right, title, interest or privilege they have in any funds, assets or damages recovered, obtained or collected by the Receiver.

11. Edwards and Lake Dow/CET acknowledge the Court's orders dated May 31, 2007, and December 24, 2008, authorizing the distribution of assets in the receivership estate.

12. ACM and Aurora Fund cede all assets to the Receivership estate and surrender any and all right, title or interest in any assets held by them on behalf of Ty Edwards or Lake Dow/CET to the Receivership estate.

13. Based on principles of equity, there is good cause for entry of an order directing Edwards and Lake Dow/CET to pay, jointly and severally, restitution in the amount of $21,424,547 to all commodity pool participants who invested money, either directly or indirectly, in the Aurora Fund.

14. There is good cause for entry of an order requiring Edwards and Lake Dow/CET to pay, jointly and severally, a civil monetary penalty of $1,879,156.

## II.

## EQUITABLE RELIEF

IT IS FURTHER ORDERED THAT:

**A.    RESTITUTION**

1. Edwards and Lake Dow/CET, jointly and severally, shall pay restitution totaling $21,424,547, plus pre and post-judgment interest to all commodity pool participants who invested money, either directly or indirectly, in the Aurora Fund.

2. Edwards and Lake Dow/CET's obligations to make restitution shall be reduced by the amount of $19,142,289.03, which the Receiver has already distributed to the Aurora Fund

commodity pool participants, thereby decreasing Edwards and Lake Dow/CET's restitution obligation to $2,282,258, plus pre and post-judgment interest.

3. Pre-judgment interest shall be determined by using the underpayment rate established quarterly by the Internal Revenue Service pursuant to 26 U.S.C. § 6621(a)(2) and shall accrue from December 2002 to January 31, 2007, the date of entry of the Consent Order.

4. Post-judgment interest shall accrue beginning on the date of entry of this Supplemental Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Supplemental Consent Order pursuant to 28 U.S.C. § 1961.

5. Edwards and Lake Dow/CET shall satisfy this restitution obligation under this Supplemental Consent Order by making payments to the National Futures Association ("NFA") as the Monitor ("Monitor"). The Monitor shall collect restitution payments from Edwards and Lake Dow/CET and make distributions as set forth below. Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, the Monitor shall not be liable for any action or inaction arising from its appointment as Monitor, other than actions involving fraud.

6. Edwards and Lake Dow/CET shall make restitution payments to the Monitor in the name "Lake Dow/CET–Restitution Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to Office of Administration, National Futures Association, 200 W. Madison Street #1600, Chicago, Illinois 60606-3447 under cover letter that identifies Edwards and Lake Dow/CET and the name and docket number of the proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st

Street, NW, Washington, D.C. 20581; and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

7.  The Monitor shall oversee Edwards and Lake Dow/CET's restitution obligation and shall have discretion to determine the manner for distribution of funds in an equitable fashion to the pool claimants whose claims are or have been allowed in the claims process, or may defer distribution until such time as it deems appropriate. In the event that the amount of restitution payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative costs of the making a restitution distribution is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission.

8.  To the extent that any funds accrue to the U.S. Treasury as a result of the restitution obligation in this Supplemental Consent Order, such funds shall be transferred to the Monitor for disbursement to pool claimants in accordance with the procedures set forth in the preceding paragraph.

9.  Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each pool participant subject to the Court's orders of distribution of assets is explicitly made a third party beneficiary of this Supplemental Consent Order and may, after termination of the Receivership, seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution which has not been paid by Edwards and/or Lake Dow/CET and can hold Edwards and/or Lake Dow/CET in contempt for any violations of any provision of this Order.

**B.  CIVIL MONETARY PENALTY**

1.  Edwards and Lake Dow/CET, jointly and severally, shall pay a civil monetary penalty in the amount of $1,879,156, plus post-judgment interest.

2. Post-judgment interest shall accrue beginning on the date of entry of this Supplemental Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

3. Edwards and Lake Dow/CET shall pay this civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order made payable to the Commodity Futures Trading Commission under cover of a letter that identifies Edwards and the name and docket number of this proceeding and sent to the following address:

> **Commodity Futures Trading Commission**
> **Division of Enforcement**
> **ATTN: Marie Batement – AMZ-300**
> **DOT/FAA/MMAC**
> **6500 S. Macarthur Blvd.**
> **Oklahoma City, OK, 73169**

Edwards shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, DC 20581.

If payment is to be made by electronic funds transfer, Defendants shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Additionally the paying Defendants shall accompany payment of the penalty with a cover letter that identifies Edwards and Lake Dow/CET and the name and docket number of this proceeding. The paying Defendants shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

### C.   PRIORITY OF MONETARY SANCTIONS AND PARTIAL PAYMENTS

1. All payments by Defendants pursuant to this Supplemental Consent Order shall first be applied to satisfaction of their restitution obligation, consistent with the authority granted to the Monitor as stated above. After satisfaction of their restitution obligation, payments by Defendants pursuant to this Supplemental Consent Order shall be applied to satisfy Defendants' civil monetary penalty obligation.

2. Any acceptance of partial payment of Defendants' restitution obligation and/or civil monetary penalty obligation shall not be deemed a waiver of Defendants' requirement to make further payments pursuant to this Supplemental Consent Order, or a waiver of the Plaintiff's or Monitor's right to seek to compel payment of any remaining balance.

### D.   COOPERATION

Edwards and Lake Dow/CET shall cooperate fully with the Commission, the Monitor, and any government agency seeking to enforce the restitution and civil monetary provisions of this Supplemental Consent Order by providing any requested information relating to their financial status including, but not limited to, income and earnings, financial statements, asset transfers and tax returns.

### E.   EQUITABLE RELIEF PROVISIONS

The equitable relief provisions of this Supplemental Consent Order shall be binding on Edwards and Lake Dow/CET and any person who is acting in the capacity of officer, agent, employee, servant or attorney of Edwards and/or Lake Dow/CET, and any person acting in concert or participation with Edwards and/or Lake Dow/CET who receives actual notice of this Supplemental Consent order by personal service or otherwise.

## III.

## MISCELLANEOUS PROVISIONS

1.  If any provision of this Supplemental Consent Order or the application of any provision or circumstance is held invalid, the remainder of this Order, and the application of the provision to any other person or circumstance, shall not be affected by the holding.

2.  This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees, including orders setting the appropriate amounts of restitution and civil monetary penalty, that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with this Supplemental Consent Order.

3.  S. Gregory Hays, as Receiver, who was discharged of his duties by the Court on December 24, 2008, is hereby authorized, empowered and directed to sign and submit this Supplemental Consent Order on behalf of the Lake Dow/CET Receivership Estate. Additionally, the Receiver shall have no continuing duties or responsibilities to carry out or implement this Supplemental Consent Order except as may be directed by this Court.

4.  In the event that Edwards changes his residential or business telephone number(s) and/or address(es) at any time, he shall provide written notice of the new number(s) and/or address(es) to the Commission within ten calendar days thereof.

**SO ORDERED**, this  23rd  day of  MARCH , 2010.

                                                 s/ CLARENCE COOPER
                                                CLARENCE COOPER
                                                UNITED STATES DISTRICT JUDGE

Consented to and
approved for entry by:

Attorney for Defendant Ty Edwards:

*[signature]*

Robert Mottern, Esq.
Georgia Bar No. 526795
INVESTMENT LAW GROUP OF GILLETT,
MOTTERN & WALKER, LLP
1230 Peachtree Street, N.E.
Suite 2445
Atlanta, Georgia 30309
Phone: 404-607-6933
Fax: 678-840-2162

Defendant:

*[signature]*

Ty Edwards

Consented to and
approved for entry by:

Attorney for Receiver:

_____
Henry F. Sewell, Jr.

In his capacity as Receiver:

_____
S. Gregory Hays

Attorneys for Plaintiff

_____
Tracey Wingate
John Dunfee
Paul Hayeck
Division of Enforcement
U.S. Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
Phone – (202) 418-5319
Facsimile – (202) 418-5523